UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM F. ALLEN, JR.,<br>    Petitioner, | Case No. 1:13-cv-19 |
| vs | Dlott, J.<br>Bowman, M.J. |
| STATE OF OHIO,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, who is currently incarcerated at the Pendleton Correctional Facility in Pendleton, Indiana, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In the petition, he challenges his conviction and sentence in a criminal case before the Hamilton County, Ohio, Court of Common Pleas. This matter is now before the Court on respondent's motion to dismiss the petition on exhaustion grounds. (Doc. 7). Petitioner opposes respondent's motion. (Docs. 8-9).

**I. PROCEDURAL HISTORY**

**State Proceedings**

On September 15, 2010, the Hamilton County grand jury returned an indictment charging petitioner with six counts of rape in violation of Ohio Rev. Code § 2907.02(A). (Doc. 7, Ex. 1). On August 2, 2011, petitioner entered a guilty plea to a reduced charge in Count 1 of attempted gross sexual imposition in exchange for dismissal of the other criminal charges. (*See id.*, Ex. 6). The parties also agreed as a term of their plea bargain to the imposition of a six-month term of imprisonment with credit for time served. (*See id.*). On August 2, 2011, the trial court classified petitioner as a Tier I sex offender and entered final judgment sentencing petitioner in accordance

with the plea agreement to a six-month prison term to be followed by a five-year term of post-release control supervision. (*Id.*, Exs. 7, 8).

Petitioner pursued a timely appeal to the Ohio Court of Appeals, First Appellate District. With the assistance of counsel, petitioner apparently filed a brief in which he asserted as the sole assignment of error that the trial court's judgment was "contrary to law" because it was "based upon a defective indictment that is not specific enough to protect the Constitutional rights of the Appellant." (*See id.*, Ex. 10). On May 2, 2012, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.*, Ex. 11).

Proceeding *pro se*, Petitioner timely appealed to the Ohio Supreme Court. (*Id.*, Ex. 12). In his memorandum in support of jurisdiction, petitioner presented the following propositions of law:

1. The government's defective indictment that violated this defendant's rights to a fair trial.

2. In violation of a Brady Rule for fail[ure] to disclose evidence favorable to an accused.

3. A violation of Appellant's 4th U.S. Constitution for the defendant had the right to confront his accuser.

4. A violation of Appellant's right to a fundamental fairness for a breached agreement of a guilty plea.

5. A violation of Appellant's Sixth Amendment right to effective assistance of counsel in criminal prosecutions.

(*Id.*, Ex. 13). On July 25, 2012, the Ohio Supreme Court declined jurisdiction to hear the case and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 15).

On August 21, 2012, petitioner filed a *pro se* petition for post-conviction relief with the

2

trial court. (*Id.*, Ex. 16). In the petition, petitioner asserted the same claims that he had presented as propositions of law on appeal to the Ohio Supreme Court. (*See id.*). Upon review of the on-line docket records maintained by the Hamilton County Clerk of Courts, it appears that the trial court has yet to rule on the petition filed over eleven months ago.[1]

## Federal Habeas Corpus Petition

The instant federal habeas corpus petition was filed in January 2013. (*See* Doc. 1). In the petition, petitioner alleges five grounds for relief:

> **Ground One**: Government's Defective Indictment.
>
> **Ground Two**: The Prosecuting Attorney . . . is in violation of the Brady Rule for failing to disclose evidence favorable to an accused, of failing to p[ro]vide the hospital rape exam report that was done on the alleged vict[i]m. This evidence of the rape exam would [have] clearly showed that this Petitioner's DNA did not match with this Petitioner.
>
> **Ground Three**: Violation against this Petitioner's 4th U.S. Constitutional Amendment, for the defendant had the right to confront his accuser. The court over the defendant's objection decla[]red the alleged vict[i]m incompetent to testify before trial. A constitutional violation occur[r]ed when the defendant was prohibited from engaging in otherwise appropriat[e] cross-examination.
>
> **Ground Four:** A violation against this Petitioner's right to a fundamental fairness for a breached agreement of a guilty plea. The Petitioner pleaded to one count under duress of attempt gross sexual imposition . . . and was sentenced to 6 months, time served. This Petitioner was told that he does not qualify for any post-release control for I received time served. Then the Petitioner was taken to R.D.C. and given a number and placed on 5 years parol[e]. The Petitioner did not agree to 5 years parole for it was not part of the deal of the Defendant. Due Process Clause requires that these principles be supplemented with concern that bargaining process not violate Defendant's right to fundamental fairness and 15 years of registering as a sex offender on a Felony 5 is also excessive and needs to be reviewed.
>
> **Ground Five:** A violation against Appellant's Sixth Amendment right that

---

[1] The on-line docket report pertaining to petitioner's criminal case, No. B1005546, can be found at the following link: www.courtclerk.org/case_summary.asp?sec=history&casenumber=B1005546.

>guarantees the right to effective assistance of counsel in criminal prosecutions. Defendant's counsel purposely failed to obtain known evidence in the defense's favor and calling alibi witness that would have proved the defendant to be innocent. . . .

(Doc. 1, pp. 6, 8, 9, 11, 12, 13-14).

In response, respondent has filed a motion to dismiss the petition without prejudice on the ground that four of petitioner's claims (Grounds Two through Five) have not been exhausted in the state courts. (Doc. 7, Brief, pp. 7-8). Respondent contends that because petitioner raised the claims in his state post-conviction petition, which is currently pending before the Hamilton County Court of Common Pleas, "the trial court should have the first opportunity to address these issues . . . and determine if there are any procedural bars to their presentation, in the interests of comity, before this federal court rules upon them." (*Id.*, Brief, p. 8). Petitioner opposes respondent's motion to dismiss. (*See* Docs. 8, 9).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 7) SHOULD BE DENIED

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), the Supreme Court held that to fulfill the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any

4

constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the state's highest court, the Ohio Supreme Court. *See also Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). By the same token, although there is a strong presumption in favor of requiring exhaustion of state remedies, the exhaustion requirement is not jurisdictional and may be excused in certain instances, such as when the pursuit of an available state remedy "would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Northeast Ohio Corr. Ctr.,* 473 F.3d 229, 235-36 (6th Cir. 2006); *see also Turner v. Bagley,* 401 F.3d 718, 724-26 (6th Cir. 2005) (and cases cited therein) (involving inordinate delay by the state appellate court in adjudicating the petitioner's appeal); *Seay v. Warden, Oakwood Corr. Facility*, No. 1:10cv828, 2011 WL 4802814, at *3-4 (S.D. Ohio Apr. 26, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 4809220 (S.D. Ohio Oct. 11, 2011) (Spiegel, J.) (excusing exhaustion requirement and denying motion to dismiss on exhaustion grounds in case where pending state post-conviction petition had not been ruled on for over fourteen months). *Cf. Granberry v. Greer*, 481 U.S. 129, 131 (1987).

In this case, nearly a year has elapsed since petitioner filed his post-conviction petition with the trial court. In Ohio, after final judgment is entered in a case, the "trial court's failure to rule on a motion will implicitly be considered a denial." *State v. Patrick,* 839 N.E.2d 987, 992

5

(Ohio Ct. App. 2005) (and cases cited therein); *see also Koslen v. Chattman,* No. 78781, 2001 WL 1035192, at *9 (Ohio Ct. App. Sept. 6, 2001) ("failure to rule is an implicit denial only after a final judgment is entered").  At this juncture, the trial court's significant delay in ruling on the pending petition for post-conviction relief may well qualify as an implicit denial of the petition. In any event, the exhaustion requirement should be excused in this case given the trial court's inordinate delay in ruling on petitioner's post-conviction petition.  *Cf. Seay, supra*, 2011 WL 4802814, at *3-4.

Accordingly, in sum, the undersigned concludes that it would be an exercise in futility at this late juncture to require petitioner to exhaust the state post-conviction remedy, which has been pending for over eleven months in the trial court.  Therefore, it is **RECOMMENDED** that respondent's motion to dismiss the petition on exhaustion grounds (Doc. 7) be **DENIED**.  In the event that the Hamilton County Common Pleas Court should rule on petitioner's state post-conviction petition during the pendency of this action, the request to dismiss or stay the instant action on exhaustion grounds may be renewed at that time.

**IT IS SO RECOMMENDED.**


/s/ *Stephanie K. Bowman*
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM F. ALLEN, JR.,
    Petitioner,

vs

STATE OF OHIO,
    Respondent.

Case No. 1:13-cv-19

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc