IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William F. Allen, Jr., : | |
| : | |
| Petitioner(s), : | |
| : | Case Number: 1:13cv19 |
| vs. : | |
| : | Chief Judge Susan J. Dlott |
| Ohio State of, : | |
| : | |
| Respondent(s). : | |

ORDER

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Stephanie K. Bowman filed on January 28, 2014 (Doc. 22), to whom this case was referred pursuant to 28 U.S.C. §636(b), and noting that no objections have been filed thereto and that the time for filing such objections under Fed. R. Civ. P. 72(b) expired February 14, 2014, hereby ADOPTS said Report and Recommendation.

Accordingly, respondent's motion to dismiss (Doc. 13) is **GRANTED** to the extent that the petition (Doc. 1) is administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies.  The stay will be conditioned on petitioner's filing a motion to reinstate the case on the Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellaate review.  Petitioner will be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

A certificate of appealability will not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a

recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White*, No. 01-CV072798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" will not find it debatable whether the Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case will be stayed (as opposed to dismissed with prejudice) pending exhaustion of such remedies.

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation will not be taken in "good faith".  Therefore, petitioner is **DENIED** leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.


                                                                s/Susan J. Dlott\
                                                              Chief Judge Susan J. Dlott\
                                                              United States District Court