**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

WILLIAM F. ALLEN, JR.,

        Petitioner,    :    Case No. 1:13-cv-19

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

STATE OF OHIO,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Allen's Petition (Doc. No. 1) was stayed pending exhaustion, then reopened on his Motion on September 5, 2014 (Doc. No. 29). Thereafter Magistrate Judge Bowman ordered the State to file an answer and allowed Allen twenty-one days after answer to file a reply (Doc. No. 31). The reference in the case was transferred to the undersigned March 4, 2015 (Doc. No. 39) and Petitioner was, *sua sponte*, given an extra month to file a reply (Doc. No. 40). However, he has not done so and the case is ripe for decision without further briefing.

Allen pleas the following grounds for relief:

> **Ground One:** Indictment.
>
> **Supporting Facts:** The court permitted the government to use an indictment in which all six counts had a 30-day window from July 1st to Aug. 1st 2010, as the days when the alleged crime occurred. But the alleged victim Ms. Arianna Walker states that the Defendant was only with her on Monday, Aug. 2, 2010. See police report, p. 70 of her statements of events, but then contradicts her whole statement by stating that we didn't have sex. p. 70. With

1

such a defective indictment and clear evidence from the victim stating that we never had sex, the defendant should never had to defend himself against an indictment that lacked any evidence. This clearly prejudiced this Defendant-Appellant in a fair trial and forced this Petitioner to plead guilty under duress.

**Ground Two**: [Violations of *Brady v. Maryland*, 373 U.S. 83 (1963).]

**Supporting Facts:**

1) The prosecuting attorney, Mr. Rayon Nelson is in violation of the Brady Rule for failing to disclose evidence favorable to an accused of failing to provide the hospital rape exam report that was done on the alleged victim by nurse April. This evidence of the rape exam would of clearly showed that this Petitioner's DNA did not match.

2) Mr. Rayon Nelson violated the Brady Rule for failing to provide evidence of pictures 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, and 14 that shows poison ivy and not a choke mark like the police claimed.

3) Also Mr. Rayon Nelson violated the Brady Rule by withholding the interview from Ms. Walker at the Mayerson Center which clearly showed the alleged victim making the statement that this Petitioner's penis never touched her vagina, p. 4 of the investigation report. With this evidence would have clearly made a different outcome in a jury trial.

**Ground Three:** Violation against this Petitioner's 4th U.S. Constitutional Amendment for the Defendant had the right to confront his accuser.

**Supporting Facts:** The court, over the Defendant's objection declared the alleged victim incompetent to testify before trial. A constitutional violation occurred when the Defendant was prohibited from engaging in otherwise appropriate cross-examination. This incompetence of the alleged victim to testify should have been left up to a "jury", not the court according to the law. She should have never been declared incompetent because the Court raised that the alleged victim had made statements that were untrue about everything that she was saying. The Rule of Evidence is presumed to be based upon the credibility of human experience. The paramount question here involves being able to prevent falsehood and produce the truth. This has forced this Petitioner into a guilty plea under duress.

**Ground Four:** A violation against this Petitioner's right to fundamental fairness for a breached agreement of a guilty plea.

**Supporting Facts:** This Petitioner pleaded to one count under duress of attempted gross sexual imposition O.R.C. 2907.05(A)(3) and was sentenced to 6 months, time served. This Petitioner was told that he does not qualify for any post-release control for I received time served. Then the Petitioner was taken to DRC and given a number and placed on 5 years parole. The Petitioner did not agree to 5 years parole for it was not part of the deal of the Defendant. Due Process Clause requires that these principles be supplemented with concern that bargaining process not violate Defendant's right to fundamental fairness and 15 years of registering as a sex offender on a felony 5 is also excessive and needs to be reviewed.

**Ground Five:** A violation against Appellant's Sixth Amendment right that guarantees the right to effective assistance of counsel in criminal prosecutions.

**Supporting Facts:** Defendant's counsel purposely failed to obtain known evidence in the defense's favor and calling alibi witness that would have proved the Defendant to be innocent. Trial counsel, Mr. Richard D. Feil III and Ms. Nancy Ludwig sabotaged this Defendant's right to a fair trial by not obtaining the Defendant's video evidence of Defendant's whereabouts and call the Defendant's alibi witness of the days in question and obtaining a telephone conversation between the Defendant and a Delhi police officer that would have clearly proved that the Defendant was not with the alleged victim like she claimed. For this Defendant would have been seen in public places with the mother of his child, Lori A. Stratman on Aug. 2, 2010 at UDF, 2210 Queencity Ave., Cincinnati, Ohio 45238; then on video surveillance at the bank at Krogers on 3210 Ferguson Rd.

(Petition, Doc. No. 1.)

Procedural History

On September 15, 2010, the Hamilton County Grand Jury indicted Allen on six counts of rape, three counts of which alleged the victim, A.W., was substantially impaired by reason of physical or mental conditions. Allen pled not guilty, then moved to exclude A.W. as a witness on grounds of mental incapacity and to dismiss the indictment for vagueness and as duplicative. The trial court found A.W. was unable to testify, but denied the motion attacking the indictment.

On August 2, 2011, Allen pled guilty to one count of attempted gross sexual imposition pursuant to a plea agreement. In return, the State agreed to a sentence of six months with credit for time served. In connection with acceptance of the plea, the trial judge advised Allen he would be subject to five years of post-release control and classified as a Tier 1 sex offender.

Allen appealed *pro se* claiming the indictment was defective. The First District Court of Appeals affirmed, concluding the guilty plea had waived this alleged error. *State v. Allen*, Case No. C-1100493 (1st Dist. May 2, 2012)(unreported, copy at Doc. No. 7-1, Exh. 11, PageID 90-91). Allen appealed *pro se* to the Ohio Supreme Court, but that court declined jurisdiction. Allen then filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which the trial court dismissed as untimely and barred by *res judicata* . It also dismissed an ineffective assistance of appellate counsel claim as not properly brought under Ohio Revised Code § 2953.21. Allen did not appeal. On January 11, 2013, while the post-conviction petition was pending, Allen filed the instant habeas case.

## Analysis

**Ground One: Defective Indictment**

In his First Ground for Relief, Allen alleges the indictment charging him with six counts of rape was defective because it was vague as to the dates on which the alleged sexual misconduct occurred. The First District overruled this claim holding

> Allen's guilty plea waived the alleged defects in the indictment. *State v. Morgan*, 181 Ohio App. 3d 747, 2009-Ohio-1370, 910 N.E. 2d 1075 (1st Dist.) His guilty plea was a complete admission of his guilt, limited him to challenging only its voluntary, knowing, and intelligent nature, and precluded him from raising independent claims relating to any deprivation of constitutional rights that had occurred prior to its entry. *Id.*

*State v. Allen, supra,* at PageID 90-91.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012). After entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent nature of the plea itself. *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett*, 411 U.S. 258. Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id*. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

The First District's decision is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. The First Ground for Relief should therefore be dismissed with prejudice on the merits.

**Ground Two: Violation of *Brady v. Maryland***

In his Second Ground for Relief, Allen asserts the prosecutor violated his duty to reveal exculpatory or impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).

This Ground for Relief is without merit on the same basis as Ground One: Allen's guilty plea waives prior constitutional deprivations.

**Ground Three:  Violation of the Confrontation Clause**

Allen claims in his Third Ground for Relief that he was denied his right to confront his accuser by the trial court's declaring her incompetent to testify.  As Respondent correctly points out, Allen waived this claim by pleading guilty and also by being the party which sought to have the victim declared incompetent.  More fundamentally, no Confrontation Clause violation occurred because no testimonial statements of A.W. were admitted in evidence.

**Ground Four:  Improper Imposition of Post-Release Control**

In his Fourth Ground for Relief, Allen claims the trial court breached his plea agreement by imposing post-release control for five years.  This Ground for Relief is contradicted by the plea agreement itself, which provides for post-release control (Doc. No. 7-1, PageID 74).  During the plea colloquy, Allen acknowledged he understood this provision and agreed to it.

**Ground Five:  Ineffective Assistance of Trial Counsel**

In his Fifth Ground for Relief, Allen claims he suffered ineffective assistance of trial counsel when his trial attorney did not obtain evidence in his favor and call an alibi witness to testify.

As Respondent notes, this claim is also waived by Allen's guilty plea.  Moreover, it is forfeited by his failure to raise the claim in timely fashion:  his post-conviction petition was

dismissed as untimely.

**Conclusion**

Based on this analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 31, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).